Allen, J.
 

 The Court of Appeals, with one judge dissenting, decided in favor of the administrator, on the ground that upon the facts of the record no gift appeared to have been made, and that the deposit of Green’s funds in a savings account to the credit of himself and Mrs. Richardson, the deposit being made payable to either or survivor, was intended to be of a testamentary character, which, as it was not executed with the formality of a will, was invalid. Viewing the transaction as a testamentary disposition, it of course lacks the requisites of a valid will; and viewing it as a gift, it may be questioned whether the delivery essential to constitute a completed gift was present.
 
 *247
 
 However, the particular form of deposit found in this ease was a general deposit account, into which Green paid his money from time to time, to be repaid on demand, in whole or in part, as called for, in current money. In this kind of deposit the title to the money deposited passes to the bank from the depositor. The depositor is not entitled to have the identical thing deposited returned to him, but the bank becomes the depositor’s debtor in the amount of the deposit. 7 Corpus Juris, 628;
 
 Treasurer
 
 v.
 
 Bank,
 
 47 Ohio St., 503, 10 L. R. A., 196, 25 N. E., 697;
 
 C., H. & D. R. Co.
 
 v.
 
 Bank,
 
 54 Ohio St., 60, 31 L. R. A., 653, 56 Am. St. Rep., 700, 42 N. E., 700;
 
 Covert
 
 v.
 
 Rhodes,
 
 48 Ohio St., 66, 27 N. E., 94;
 
 Bank
 
 v.
 
 Brewing Co.,
 
 50 Ohio St., 151, 40 Am. St. Rep., 660, 33 N. E., 1054.
 

 Hence the specific question before us is not whether Green made a gift of the fund in specie, but whether he created in his sister a joint interest in the deposit equal to his own.
 

 Now while Annie Richardson was authorized to withdraw all or any part of the balance at any time after this account was opened, so also was Jerome C. Green. The record shows that withdrawals and deposits were made only by Green, and no deposits or withdrawals whatever were made by Mrs. Richardson during Green’s life. In other words Green exercised control of the account up to the time of his death. It was because of this retention of control that the Court of Appeals held there was no delivery, actual or constructive, of the fund to his sister.
 

 This control, however, was not exclusive. It was just the same control that Mrs. Richardson
 
 *248
 
 herself was authorized to exercise. The sister’s interest was equal to Green’s. She could withdraw all or any part of the funds upon deposit at any time during Green’s life. While the account remained in the bank and the authority to pay remained unrevoked, Green himself could make no more withdrawals than his sister. It is true that Green retained the power to revoke Mrs. Richardson’s right to withdraw, but until her power was terminated by him according to the arrangement to which she had assented her authority over the deposit was equal to his own. Although Green retained control of the account she had equal control thereof subject only to his right to terminate the same.
 

 The intent to leave to his sister the balance of the account upon his death was clearly manifested by Green’s letters. Now when the decedent put the money in the bank subject to the right of his sister tor,withdraw therefrom, complying with all the rules of the bank, securing his sister’s signature to the card evidencing the arrangement, he had done all that he could to place the account within her joint authority, and thereby by contract created in his sister a joint interest in the account, equal to his own.
 

 Being immediately executed, this transaction required no consideration. 5 Corpus Juris, 930, note 3, and cases cited.
 

 Mrs. Richardson was notified in writing of the creation of the joint interest and assented thereto in writing. The bank book was-left at the bank, where, as the record shows, payment would have been'' made to Mrs. Richardson during Green’s life
 
 *249
 
 time if she had appeared to make a withdrawal. Being joint owner of Green’s chose in action against the hank, with a right equal to Green’s, at Green’s death Mrs. Richardson was entitled to possession of the money dne upon the account, as against the administrator.
 

 There is authority contra to this holding.
 
 Carr
 
 v.
 
 Carr,
 
 15 Cal. App., 480, 115 P., 261;
 
 Drinkhouse
 
 v.
 
 German Savings & Loan Society,
 
 17 Cal. App., 162, 118 P., 953;
 
 Brown, Admr.,
 
 v.
 
 Brown,
 
 23 Barb. (N. Y.), 565;
 
 Wolfe
 
 v.
 
 Hoefke,
 
 124 Wash., 495, 214 P., 1047;
 
 Pearre
 
 v.
 
 Grossnickle,
 
 139 Md., 274, 115 A., 49. However, the weight of authority supports our present conclusion.
 

 It is generally held that an intent to transfer a present interest in the fund must be shown.
 
 Skillman, Ex’r.,
 
 v.
 
 Wiegand,
 
 54 N. J. Eq., 198, 33 A., 929, and
 
 Raftery
 
 v.
 
 Reilly,
 
 41 R. I., 47, 102 A., 711.
 

 Here there is no question, as appears in the letters given above, but that this intent existed. Under these circumstances the weight of authority is to the effect that a joint interest has been created. This is shown by the following cases:
 

 Where an account in a savings bank was made in the name of the donor and donee jointly, it was held that there was a complete gift óf a joint interest, though the donor retained the passbook.
 
 Commonwealth Trust Co.
 
 v.
 
 Du Montimer,
 
 193 Mo. App., 290, 183 S. W., 1137.
 

 A niece, on decedent’s death, was held vested with the title to decedent’s deposit with a savings society which was transferred to a joint account in the names of both parties payable to survivor by decedent’s direction; the niece drawing money
 
 *250
 
 therefrom thereafter.
 
 McCarthy
 
 v.
 
 Holland, Admr.,
 
 30 Cal. App., 495, 158 P., 1045.
 

 The owner of money has created a joint interest of another in a deposit when it appears to be his intention to divest himself of the exclusive ownership and control and vest such ownership and control jointly in himself and another, with the attendant right of survivorship.
 
 Raftery
 
 v.
 
 Reilly,
 
 41 R. I., 47, 102 A., 711; Id. (R. I.), 102 A., 963.
 

 An aunt creating with her own money a joint bank account with her niece was held to have made a gift of the money then on deposit.
 
 Kelly, Treasurer,
 
 v.
 
 Woolsey,
 
 177 Cal., 325, 170 P., 837.
 

 Where moneys belonging originally either wholly to a mother, or in part to her and in part to her daughter, are deposited by them in a bank in their joint names, and they both sign and deliver to the bank a writing stating that the account and all moneys credited thereon belong to them as joint tenants and are to be the absolute property of the survivor, the moneys remaining on deposit at the mother’s death belong to the surviving daughter as constituting a valid gift.
 
 New Jersey Title Guaranty S Trust Co.
 
 v.
 
 Archibald,
 
 91 N. J. Eq., 82, 108 A., 434, affirming 90 N. J. Eq., 384, 107 A., 472.
 

 The deposit in a savings bank by one to the joint account of himself and another operates as a present and complete gift in joint ownership, if depositor clearly intended such result.
 
 Battles
 
 v.
 
 Millbury Savings Bank,
 
 250 Mass., 180, 145 N. E., 55.
 

 A-depositor caused a savings bank account standing in his name to be changed so as to stand in the
 
 *251
 
 joint names of himself and wife, for the purpose of giving her the same control over the deposit as himself, and notified her of what he had done, and why he did it. Held, this was a fully executed gift to the wife.
 
 In re Griffith’s Estate,
 
 1 Lack. Leg. N., (Pa.), 311.
 

 "Where the decedent, who had had a bank account in his own name, changed the same to a joint account for himself and wife, the transaction must be deemed donative in character.
 
 In re Lydig’s Estate,
 
 113 Misc. Rep., 263, 184 N. Y. S., 542.
 

 In
 
 Kennedy
 
 v.
 
 Kennedy,
 
 169 Cal., 287, Ann. Cas., 1916D, 515, 146 P., 647, (Supreme Court of California, Feb. 11, 1915), the court held that a joint ownership, with the incident of survivorship attaching as a matter of law, may be created in a bank deposit by agreement between donor and donee.
 

 These holdings apply irrespective of the fact that the power of revocation is retained, as it was in this case by the party who creates the joint interest.
 
 Kaufman
 
 v.
 
 Edwards,
 
 92 N. J. Eq., 554, 113 A., 598.
 

 A gift of a savings bank deposit is none the less a gift because a power of revocation is retained by the donor in his lifetime and enjoyment is postponed until his death.
 
 Dunn
 
 v.
 
 Houghton,
 
 (N. J. Ch.), 51 A., 71;
 
 Raftery
 
 v.
 
 Reilly,
 
 41 R. I., 47, 102 A., 711;
 
 Battles
 
 v.
 
 Millbury Savings Bank,
 
 250 Mass., 180, 145 N. E., 55.
 

 These holdings also apply even in the case where the bank book has been retained in the possession of the donor. It may be observed that the instant case is stronger upon the facts than
 
 *252
 
 the holdings here quoted, for in this case it is conceded that Green gave possession of the hank book to the bank and received therefor a receipt, which was found among his effects by the administrator. Hence a fair presumption arises upon the record that Green deposited his book with the bank to facilitate the making of withdrawals by his sister, Annie Richardson. In other words, Green had done everything in his power to create a joint interest in his sister, equal to his own, consummating the transaction by delivering the pass book to the bank where his sister might have equal access thereto.
 

 However, the authorities do not ground their conclusions upon the proposition that the bank book must be left in the possession of a third party in order to create a joint interest in the deposit in a transaction of this kind. It is generally held that delivery of the bank book is not a prerequisite to the creation and transfer of a joint title in a savings deposit.
 
 Marston
 
 v.
 
 Industrial Trust Co.,
 
 (R. I.), 107 A., 88.
 

 A deposit of money in bank to the credit of the depositor or his wife, “or the survivor of them,” operates as a gift to the wife, though she never had possession of the passbook.
 
 McElroy
 
 v.
 
 Albany Savings Bank,
 
 8 App. Div., 46, 40 N. Y. S., 422.
 

 The retention of a savings bank passbook, after an agreement with the bank that a donee thereof should have whatever balance might be left on the death of the depositor, does not affect the donation, which was completed when the contract right was vested in the donee; the bank book having
 
 *253
 
 been retained in order that the donor might exercise her rights in respect to the debt dne from the bank.
 
 Dunn
 
 v.
 
 Houghton,
 
 (N. J. Ch.), 51 A., 71.
 

 Certain cases hold that a trust is established under these circumstances and that the bank is trustee for the donee. This is the ground of the decision in
 
 Booth
 
 v.
 
 Oakland Bank of Savings,
 
 122 Cal., 19, 54 P., 370, a well-considered case, which holds that a trust is created where one having a deposit in a savings bank stated to its teller that she wanted it so either of her two sisters could, in the event of her death, draw the money without probate proceedings, and thereupon gave an order to the bank to pay to either of them or herself, and furnished their signatures, and the bank added their names to the passbook and in like manner changed the account on the ledger.
 

 However, we prefer to place our holding upon the ground above indicated. After all, upon deposit oí an account the bank is constituted a debtor, and when the depositor orders the bank to pay himself or another upon order of either party, notifies the second party of the completed transaction and secures her signature evidencing assent to the arrangement, he has created in the second party by contract a joint interest in his right to the deposit equal to his own.
 

 In this view of the case it makes no difference that prior to the creation of the deposit in question Green bad opened a joint account at the same bank for himself and his sister, Florence Desmond, and had later terminated that particular joint account. Reserving, as he did, the right to close such account, he was only acting pursuant to the
 
 *254
 
 contract when he terminated his sister Florence Desmond’s right to withdraw, and was equally within his rights when he reopened the account in the name of himself and Mrs. Richardson. The joint interest created by the opening of such an account was always subject to the right of the person who opened the account to terminate and revoke the authority to withdraw. In the case of the Desmond account this right was exercised. Not being exercised before Green’s death in the case of the Richardson account, Mrs. Richardson was entitled to possession and ownership of the balance of the deposit as against the administrator.
 

 Judgment of the Court of Appeals reversed.
 

 Judgment reversed.
 

 Marshall, C. J., Jones, Matthias, Day and Kinkade, JJ., concur.