## OSTERLAND, ADMR., *v.* SCHROEDER.

*Banks and banking—Ownership of deposit—Account to credit of depositor and another—Survivor entitled to balance upon depositor's death.*

Where decedent deposited moneys in savings bank, notation adding S.'s name to accounts, and that either, or in case of death of either, survivor may draw part or whole, and that either may draw balance at death of either payable to survivor, *held* sufficient to convey title thereto to S.

(Decided April 19, 1926.)

ERROR: Court of Appeals for Cuyahoga county.

*Mr. E. C. Osterland,* for plaintiff in error.
*Messrs. Reasner & Wieber,* for defendant in error.

SULLIVAN, J.   This cause comes into this court on error from the court of common pleas of Cuyahoga county, where the plaintiff, E. C. Osterland, as administrator of the estate of Sophia Schroeder, deceased, began a suit seeking the recovery of $6,-800 from the defendant, Henry Schroeder, under the following alleged facts: That the decedent made deposits of money in the Society for Savings and in the Cleveland Trust Company, which funds were the decedent's absolutely; that on May 18, 1921, defendant's name was added to the bank accounts, with the following notation as to the Society for Savings, to-wit: "Either, or in case of death of either, the survivor may draw part or the whole." The memoranda at the Cleveland Trust Company

was as follows: "Either may draw balance at death of either payable to survivor."

It appears from the testimony that at various times the defendant, Henry Schroeder, under authority of above notations in the possession of the bank, drew out various sums as follows: From the Society for Savings Bank account the following amounts: May 18, 1921, $1,200; February 1, 1922, $1,200; July 10, 1922, $500; October 3, 1922, $500. From the Cleveland Trust Company account the following sums: March 9, 1922, $2,000; July 5, 1922, $700; October 18, 1922, $500; December 8, 1922, $200.

Upon motion of defendant at the conclusion of his case below, a directed verdict in his favor was granted by the court, from which judgment error proceedings are prosecuted to this court.

The contention is made by plaintiff in error that even though under the notations aforesaid the defendant in error had authority to withdraw the deposits aforementioned from the banking institutions, yet, under the record of the case, the money itself belonged exclusively to the decedent, and the simple notations were not sufficient in any manner to convey title in whole or in part to the defendant in error. It is claimed that it appears from the record that there was no change in title or ownership in the money effected by withdrawal thereof from the bank by the defendant in error, and that it was necessary to have something additional to the notations to convey any right, title, or interest in the deposits from the decedent to the defendant in error. If there were evidence in the record to support this contention by way of understanding,

verbal or written, between decedent and the defendant in error, there would be a foundation for the claim and contention, but, inasmuch as there is no such evidence in the record, the silence of the record upon this point does not, as a matter of law, rebut the inference or presumption arising from the effect and character of the notations. They stand unchallenged, and therefore the legal status of the relationship between the banks, the decedent, and the defendant in error is established by a recent holding of the Supreme Court of Ohio, in the case of *Cleveland Trust Co.* v. *Scobie,* 114 Ohio St., 241, 151 N. E., 373, wherein that court sustained in principle the contention of the defendant in error, clothed with the authority given him by the language of the aforesaid notations.

The judgment of the lower court is affirmed.

*Judgment affirmed.*

LEVINE, P. J., and VICKERY, J., concur.