### RIGHT TO WITHDRAW A JOINT BANK DEPOSIT.

Common Pleas Court of Cuyahoga County.

LETITIA HUTCHISON v. THE UNION TRUST COMPANY.

Decided, May, 1927.

*Banks and Banking—Joint Account Payable to Either of Two Persons or the Survivor—Notice of the Death of one and ownership of the Fund before Deposit—Without Effect on the Rights of the Survivor—Section 710-120.*

A deposit in bank represents a debt of the bank; and where it has been placed in a joint account of two persons, "payable to either or the survivor," the bank is obligated to pay the balance over to the survivor without regard to ownership of the fund before it was placed on deposit, and having so done is discharged from liability without any special form of receipt or acquittance.

*Harry L. Deibel,* for plaintiff.
*Squire, Sanders & Dempsey,* for defendant.

RUHL, J.

This case comes before the court on demurrer to the answer, the ground being that the answer fails to state a defense.

It is a joint bank account case. The answer admits that plaintiff and James Hutchison, who is now deceased, opened with defendant a savings account on February 4, 1924; and that the signature card, passbook and bank records have this notation:

"James Hutchison and or Letitia Hutchison."

The answer also admits that the back of the signature card had this paragraph signed by said persons:

"February 4, 1924.
"This account, including present balance, if any, to be in joint names of the undersigned, payable to either or the survivor.

"James Hutchison
"Letitia Hutchison."

Defendant admits that said James Hutchison died on March 10, 1926; that the sum alleged in the petition was at his death the correct balance in said account; that said Letitia Hutchison, being the survivor of the two and plaintiff herein, after the decease of said James Hutchison, made due demand for payment to her of the entire balance of the account, but that defendant refused to pay her; and that no inheritance tax statutes forbid payment by defendant, or justify refusal to pay.

The defendant denies plaintiff's averment that said James Hutchison and Letitia Hutchison owned other property in their joint names; and denies that James Hutchison, the decedent, declared when said account was opened, or declared on any other occasion, that said account and two other savings accounts opened in the same or similar manner and form were to be the property of Letitia Hutchison in the event that he predeceased her.

The demurrer to the answer raises the question whether the survivor is entitled to such account.

There is no admitted allegation as to who is the legal or equitable owner of the account, other than the notations and records aforesaid. The money deposited may, therefore, have been in fact owned by either or both.

But, as the court views the matter, it is immaterial who owned such money prior to the deposit. The signature card and records evidence an understanding that either might draw the entire account at any time, that is, each had authority to draw before and after the deceased of the other. The plaintiff being the survivor, instituted this action upon refusal to pay her.

The court is of opinion that the facts bring the case squarely within the purview of Section 710-120 of the General Code, which provides:

"*Deposits in name of two or more persons.*—When a deposit has been made, or shall hereafter be made in any bank or trust company transacting business in this state

in the name of two or more persons, payable to either or the survivor, such deposit or any part thereof, or any interest or dividend thereon, may be paid to either of said persons whether the other be living or not; and the receipt or acquittance of the person so paid shall be a valid and sufficient release and discharge to the bank for any payments so made."

It appears clear that said section discharges a bank in *all cases* upon payment to either "whether the other be living or not." It can not be said that this language contemplates payment only while both are living, because by its express terms it is immaterial whether both are living, or one is dead. Every word of the statute must be given meaning.

But it might be said that the section is applicable only where the bank has no notice; that a duty rests on a bank to make inquiry when it has notice of the death of one. The statute can not contemplate this for several reasons. In the first place, such construction would impose a burden of making inquiry which can not be read into statute by implication; if the legislative intended such inquiry, it would expressly so require. Then, also, the statute makes mention of "receipt or acquittance." The court will take judicial notice of the fact that banks do not ordinarily require acquittances at the withdrawal of savings. An acquittance is a distinct instrument evidencing discharge of an engagement to pay money. Since a bank does not require an acquittance when it has no notice of death, the statute can contemplate such acquittance only when it has a notice of death. Therefore, the statute is applicable in all cases whether the bank has or has not such notice.

But, it is contended that the word *may* in the phrase "may be paid to either of said persons whether the other be living or not" does not render a bank liable if it refuse to pay the survivor; that, although a bank is discharged if it does pay, the statute is merely permissive or directory and not mandatory; that if it were intended to be mandatory the auxiliary *must* would be employed.

This is hardly so, for the reason that the word *may* is used in said section as to payment both when all are living and when a death has intervened. It would not be insisted that this statute renders a bank's engagement to

pay, an account on proper demand optional or permissive while all are living. Since the word is mandatory when all are living, it should be given the same meaning when a survivor makes proper demand.

The construction here adopted appears to be the construction placed on the statute by the Court of Appeals of Cuyahoga county in the *Ellen Morgan* case reported in 28 O. C. A., 222.

In *Cleveland Trust Company* v. *Scobie* (1926), 114 O. S., 241, there was extrinsic evidence of an intent to give the deposit to the survivor. But it will be noted that the court's theory in that case is "contract." The notations on the record were similar to those in the instant case. Since there was a contract in that case, it must be held that a contract exists in the instant case as well.

In *Osterland* v. *Schroder*, 22 Ohio App., 213, the notations on the records were "either, or in case of death of either, the survivor may draw part or the whole;" and, "Either may draw—balance at death of either payable to survivor." The Court of Appeals of this county of Cuyahoga held, following *Cleveland Trust Company* v. *Scobie, supra*. that these notations, without other evidence, passed the ownership of the account to the survivor.

It is also true that this action, being one for money does not directly involve the question of title to the deposit or to the authority to draw. The bank is a debtor; as a matter of law the defendant in the instant case borrowed the money represented by the account; the depositors have a chose in action. The admitted facts show that defendant agreed to pay either, or the survivor, on demand. Upon refusal so to pay, an action would appear to lie.

But the court prefers to go farther, and holds that the admitted facts show the plaintiff to be the owner of the deposit.

The right of the survivor to the money represented by an account such as the one in question is almost universally recognized on one theory or another. 36 Yale Law Journal, 138.

The court therefore sustains the demurrer, and, defendant having expressed a desire not to plead further, judgment is rendered upon the petition for plaintiff. Exceptions of the defendant may be noted.