## UNION TRUST CO. v. HUTCHISON.

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 8310.  Decided Sept. 19, 1927.

First Publication of This Opinion.

Syllabus by Editorial Staff.

126. BANKS & BANKING.

Where money is deposited by husband and wife in joint account, under arrangement with bank that either or both can draw from account, and that whatever re-

mains in account, after death of either, shall belong to survivor, that portion of fund which has not been withdrawn by either party, at death, passes to and vests in the survivor.

### Error to Common Pleas.
#### Judgment affirmed.

Squire, Sanders & Dempsey, Cleveland, for Un. Tr. Co.

H. L. Deibel, Cleveland, for Hutchison.

### STATEMENT OF FACTS.

The defendant in error, Letitia Hutchison, brought her action in the Common Pleas Court against The Union Trust Company to recover a certain sum of money which she alleged under and by virtue of a contract with the bank, she having become one of the joint depositors of a certain fund that was deposited by her husband and herself in a joint account. Defendant in error further alleged that by an arrangement with the bank either or both could draw upon the account, and that whatever remained in said account after the death of either party should belong to the survivor. The petition goes on to allege that it had been customary for Mr. and Mrs. Hutchison to deposit money in this way, and both had access and could and did draw from said account, and that the money that was deposited in the bank was the proceeds of joint enterprises; that the money belonged to both parties and, as already stated, was placed in a joint account subject to be withdrawn by either one or both, and that the fund that was remaining should belong to the survivor.

The petition further alleges that the money in question was deposited with The Union Trust Co. during the lifetime of James Hutchison; that James Hutchison and Letitia Hutchison were husband and wife; that prior to the beginning of this suit James Hutchison had died, leaving the money in question in this law suit undisposed of; that after his death defendant in error made a demand upon the Union Trust Co. to have this sum of money then remaining in the bank paid to her; and that The Union Trust Co. having refused to permit her to draw this money, this suit was filed in the Common Pleas Court, the purpose being to get an order against the bank compelling them to deliver the money over to her.

The salient or operative facts were set up in the plaintiff's petition. To this petition an answer was filed which admitted generally the allegations of the petition, but denied certain allegations with respect to the manner in which this fund in question was accumulated, or, in other words, the bank denied that the account had belonged to both Mr. and Mrs. Hutchison during the lifetime of the husband, James Hutchison. There were one or two other denials, but generally the allegations of the petition were admitted substantially as pleaded.

To this answer a general demurrer was filed, and on the hearing of that demurrer in the court below, a judgment was rendered sustaining the demurrer, and the defendant not desiring to plead further, a general judgment in favor of the plaintiff below was entered, and error was prosecuted, to that judgment, to this court.

VICKERY, J.

"Now we apprehend that, notwithstanding 710-20 GC., if a fund was deposited in a joint account in a bank, and, before the survivor had drawn the money, if the heirs at law or those who would have been entitled to inherit but for this joint account, would have protested to the bank not to pay this sum of money, we think then and in that event, notwithstanding the statute, the bank would have paid this money at its peril, and, if the title had not passed by contract other than the relation between the parties, the statute itself would not have passed the title.

In the instant case the answer does not allege that any protest was made to the payment of this fund or any part of it. That then brings us squarely to the rule laid down by the Supreme Court in the case of The Cleveland Tr. Co. v. Scobie, 114 OS. 241. As I understand that case, it holds that where a fund has been deposited in the joint names of two parties, even though all the fund, as it was in the Scobie case, had theretofore been the property of the depositor, the intention appearing that his co-depositor had the right to withdraw any or all during the life of the depositor, even though the depositor had the right to change his mind as to any or all of that portion of the fund which had not been withdrawn by either party from the joint account, at his death, it would pass to and vest in his survivor. This we understand to be the rule laid down in the Scobie case, and if that be the law of the Scobie case, there is a much stronger case where the survivor is permitted to withdraw after the death of the co-depositor in the instant case, for, as it appears in the record of this case, as already stated, the money deposited in the joint account was a joint fund and had accumulated from the joint property of the joint depositors, and the title to at least one-half of the property involved was already in the joint depositor who survived the other depositor. None of these things existed in the Scobie case, and so the instant case is a much stronger case than the Scobie case.

We, therefore, think that the court below committed no error in sustaining the demurrer to the answer."

(Sullivan, PJ., and Levine, J., concur.)