HUTCHISON, Estate of In Re.

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 9395.   Decided Oct. 22, 1928.

First Publication of This Opinion.

Syllabus by Editorial Staff.

**PERSONAL PROPERTY—Decedents' Estate (220 Wg)**

(420 J)   Joint tenancy does not exist in Ohio.

Withdrawal of funds, by one depositor, from savings account carried jointly, and expenditure of such funds for stock, does not give codepositor any right in stock so purchased.

Notation on certificate of stock which admits joint ownership, and which, without giving either owner right to dispose of other owner's share during lifetime, attempts to convey each owner's share to survivor, is attempt to make testamentary disposition without complying with formalities and prerequisites of General Code, for making will, and such attempt is futile and of no binding force or effect.

Error to Common Pleas.

Judgment affirmed.

H. J. Deible, Cleveland, for plaintiff in error.
Squire, Sanders & Dempsey, Cleveland, for defendant in error.

## STATEMENT OF FACTS.

The question before us is whether Letitia Hutchison, widow of James Hutchison, is entitled to the full ownership of the 25 shares of stock of the Cleveland Electric Illuminating Co.   Upon these certificates of stock appears the following notation:

"This is to certify that James Hutchison and Letitia Hutchison, as tenants in common of undivided equal interests for their respective lives, remainder in the whole to their survivor, is the owner of ten fully paid and non-assessable shares of the par value of One Hundred Dollars ($100.) each of preferred stock, etc."

Much discussion is devoted in the briefs, to the question whether. or not this is in effect a joint tenancy which concededly does not exist in Ohio.

In the agreed statement of facts, it appears that James Hutchison and Letitia Hutchison, husband and wife, owned all their property jointly, including a savings account. That in January, 1915, a savings account was opened with the Cleveland Trust Co., in the following form:

"James or Letitia Hutchison—either may draw part or whole. In case of death of either, account is payable to the survivor."

It is further agreed that these funds so deposited to their joint account were derived from real estate which they owned in common. That on May 5, 1925, James Hutchison, deceased, withdrew from said account $2595.00 and that the money so withdrawn was applied in payment for said stock.

LEVINE, J.

It seems to us that the arrangement appearing in the notation upon the passbook and the records of the Cleveland Trust Co., relative to the joint account of James and Letitia Hutchison, can have no bearing upon their respective rights and interests in the 25 shares of stock. Under the terms of the notation appearing upon the records of the Cleveland Trust Co., each had the right to draw part or whole. When James Hutchison withdrew the $2595.00 from said account he did so with full authority and the moment he withdrew it, he alone had the absolute control and ownership of the money so withdrawn. With that money so withdrawn and owned absolutely by James Hutchison, he bought the 25 shares of stock.. We must assume that the notation appearing upon these shares of stock, was inserted at the request of James Hutchison. We must look to that alone in determining the respective rights of the parties. Can it be said that the language contained in the above recited notation, gave to Letitia. Hutchison a vested right in the equal one-half interest belonging to James Hutchison? No right or power is conferred by it upon Letitia Hutchison to dispose of the ½ interest vested in James Hutchison, during their joint lives. Insofar as the ½ interest of James Hutchison in said shares of stock is concerned, she had no control whatsoever over it. She had no right either to the possession or the enjoyment thereof during the lifetime of James Hutchison. The language of the certificate seeks to confer upon her as survivor the ownership of the ½ interest belonging to James Hutchison. That right is not conferred upon her until the death of James Hutchison. It is therefore nothing more or less than a testamentary disposition without the formalities prescribed by law for the making and executing of a last will and testament.

Had the notation appearing upon these shares of stock, contained the provision empowering either James or Letitia Hutchison to dispose of these shares of stock, and thereby giving to either of them full control to dispose of the same during the lifetime of both, another question would be presented. In such case we would be inclined to hold that the case of Cleveland Trust Co. v. Scobie, 114 OS. 241, is applicable.

We therefore agree with the judgment of the Common Pleas Court that the interest of Letitia Hutchison in said shares of stock is limited to ½, and the half belonging to James Hutchison during his lifetime must be regarded as part of the assets of his estate.

Judgment of the Common Pleas Court is therefore affirmed.

(Sullivan, PJ., and Vickery, J., concur.)