HUTCHISON, Estate of, In Re.

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 9372. · Decided Oct. 22, 1928.

First Publication of This Opinion.

Syllabus by Editorial Staff.

TAXES.

(560 I2) Funds deposited in joint bank account, wherein right is given to either depositor to withdraw part or all money, during lifetime of both parties, and remainder to go to survivor, not subject, upon death of one depositor, to inheritance tax.

Error to Common Pleas.

Judgment affirmed.

John Elden, Cleveland, and E. C. Turner, Columbus, for plaintiff in error.

H. J. Deible, Cleveland, for defendant in error.

STATEMENT OF FACTS.

The question before us is whether a certain fund may be subjected to the inheritance tax by the State of Ohio under Section 5332 General Code.

It appears that James Hutchison, a resident of Cleveland, died March 10, 1926. Letitia Hutchison is his surviving widow. In 1889 they opened a savings account in the Society for Savings, Cleveland, Ohio, and the notation in the pass-book, on the signature card and the bank records, were made in this form:

"Letitia Hutchison and husband, James Hutchison, either may draw part or whole. In case of the death of either the balance to the survivor."

In the succeeding years and as late as February 4, 1924, similar deposits bearing similar notations, were made with different banks. Jan. 8, 1915, savings account at the Lake Shore Bank, now a branch of The Cleveland Trust Co.; Feb. 4, 1925, savings account with the Union Trust Co.

It is stipulated in the agreed statement of facts that all sums shown in the accounts were derived from their joint real estate holdings, either as proceeds of sale or interest. It is also stipulated that both Mr. and Mrs. Hutchison had joint control of the pass books and that each declared to the several banks when the accounts were originally opened, that they wanted the accounts in such forms, and deposits under such terms, that either could draw any part or all of the funds at any or all times, whether the other was living or not.

Under these circumstances the State of Ohio contends. that one-half of the amount represented by all these deposits may be subjected to an inheritance tax.

LEVINE, J.

The sections applicable thereto are sections 5331 and 5332 General Code. Section 5331 ·GC., defines the terms used in the act. Section 5332 prescribes the cases under which a tax ·is levied upon succession to property.

It is of course, quite clear that the aim of the law was to subject property to inheritance tax only when the accrual of the right to the immediate ownership, or possession and enjoyment of the property, was had by reason of the death of one of the parties. That if that right were a vested right, existing prior to the death of one of the parties, then the same could not be subjected to the provision of the inheritance tax laws.

In previous litigation had between Mrs. Hutchison, the surviving widow, and the Union Trust Co., this court held that under the terms of the accounts in the banks, the legal as well as the equitable title was and is vested in the widow, Letitia Hutchison. (See Unreported Cases Court of Appeals No. 8310.)

In the case of Cleveland Trust Co. v. Scobie, 114 OS. 241, the Supreme Court of Ohio definitely passed upon the rights of the survivor to the joint account under identical circumstances presented in the case at bar.

The weight of judicial opinion seems to be that the test as to whether a party is possessed of a vested right in property, is the present control and enjoyment of the property involved.

It is now definitely settled in Ohio that joint bank deposits, wherein the right is given to either one of the depositors to withdraw, part or all of the money during the lifetime of both parties, and that the remainder is to go to the survivor, that such an arrangement is not in the nature of property gained by succession, or a right which accrued by reason of the death of one of the parties, that the same constitutes a vested right existing during the lives of these joint depositors, for the reason that there is a present vested right in either of the parties to the possession and enjoyment of the fund.

This, in our opinion, cannot be regarded as property wherein the right to the immediate ownership, or possession and enjoyment of the same, accrued to the survivor by the death of the other joint owner, which under the terms of the law, is subject to the inheritance tax.

Holding as we do, we are of the opinion that the judgment of the Common Pleas. Court is correct and the same is hereby affirmed.

(Vickery, J., and Sullivan, PJ., concur.)