**VOLLMER et, Etc v VOLLMER**

Ohio Appeals, 1st Dist, Hamilton Co

No 4407.   Decided Dec 11, 1933

Mitchell Wilby, Cincinnati, for plaintiff in error.

Powell & Carroll, Cincinnati, and J. A. McDonald, Cincinnati, for defendant in error.

## OPINION

By ROSS, J.

Our attention is directed to Cleveland Trust Co. et v Scobie, Admr., 114 Oh St, 241. The syllabus of the case is:

"Where a person opens a savings account in a bank to the joint credit of himself and another, payable to either, and balance at death of either payable to survivor, the authority to remain in full force until receipt by the bank from the depositor or written notice of its revocation, and the record shows that the depositor intended to transfer to the person to whom he made the account jointly payable a present joint interest therein equal to his own, and the passbook has been left in the possession of the bank for withdrawals by either party on the joint account, a joint interest is created in the right of the depositor in the deposit, and the person to whom the deposit is made payable jointly with the depositor, upon the death of the depositor, without his having revoked the authority to draw, is entitled to the balance of the account."

It is claimed that this authority is not decisive of the case before us, because the savings bank book in the instant case was not subject to continuous access by the wife of Vollmer. Was it not? There is nothing to show that at any time she wished on one of these trips together to the Bank, she could not have secured the book and drawn our such funds as she wished.

Title to the claim against the bank for the entire $3,000.00 passed to her as well as to her husband when the bank issued the book to them jointly or the survivor.

Only the possession of the book was kept, and this, there is nothing to show, was an exclusive possession, but on the contrary was a most natural arrangement.

Recent decisions of the Supreme Court have made plain the necessity of taking the greatest care of savings account books. Why should it not be placed in Frank Vollmer's personal box? Suppose the box had been in the wife's name. Would this have affected Vollmer's title to the account? Certainly not.

But our attention is called to the "letter". This, we think only cumulative as affecting the action of Vollmer in placing the account in their joint names or the survivor. He wanted no question about the account after he died. While he lived he could affirm his wife's interest in the account. He had made more than a mere gesture by putting the account in their joint names. But after his death someone might question the effect of the survivorship clause in the legend upon the book. He wanted no such question left without a definite answer. The "letter", addressed to no one in particular—"separate from his will" —as he said, was to **emphasize** not **limit** what he had already done.

To hold otherwise, is to so manifestly frustrate what this man definitely intended that common justice must lay a staying hand upon the intervention of technical rules of construction which may only be invoked to aid in securing justice—not in blocking its path. The "letter" would be an ineffectual testamentary disposition of the $3,000.00, but it is not the letter that transferred title, it was the action of Vollmer cooperating with the Bank during the lives of the husband and wife, that transferred irrevocably title to the account to each or the survivor.

The judgment of the Court of Common Pleas is affirmed.

HAMILTON, PJ, and CUSHING, J, concur.