For the reasons mentioned, the judgment, of the Probate Court will be affirmed at costs of defendant, E. G. B. Corporation, and the cause will be remanded for execution.

*Judgment affirmed.*

CROW, P. J., and KLINGER, J., concur.

SCHWARTZ, APPELLANT, *v.* THE SANDUSKY COUNTY SAVINGS & LOAN CO. ET AL., APPELLEES.

438

(Decided June 12, 1939.)

*Messrs. Friedman & Friedman,* for appellant.
*Mr. Carl R. Thomsen* and *Messrs. Culbert & Culbert,* for appellees.

OVERMYER, J. Appellant, Margaret F. Schwartz, filed an action in Common Pleas Court against The Sandusky County Savings & Loan Company, Charles L. Schwartz and Wm. M. Schwartz, appellees, seeking a judgment for the recovery of $446.98, the amount remaining in a running stock account in the savings and loan company, the account having been and being a joint and survivorship account between appellant and Charles L. Schwartz, her husband, and appellee.

The cause was submitted in the court below on the pleadings, the deposition of appellant and stipulated facts, and the finding and judgment was in favor of the appellees; that is, the court found that an assignment of the account executed by Charles L. Schwartz to a brother, Wm. M. Schwartz, was valid, and that Wm. M. Schwartz is the owner of the entire account. From this finding and judgment appellant appeals on questions of law, and the errors assigned are that the judgment is not sustained by the evidence and is contrary to law.

Preceding the argument in this court, an oral motion was made on behalf of The Sandusky County Savings & Loan Company, which has filed an interpleader herein, to dismiss the appeal for the reason that no bill of exceptions was filed by appellant. The court reserved disposition of the motion and heard the case on the merits. We find that the stipulation of facts filed in the lower court, signed by all parties, closes with this statement, *viz.:*

"The deposition of plaintiff filed herein is admitted in evidence, also the sworn petition of plaintiff, and sworn answers of defendants, and sworn replies of plaintiff, and shall constitute together with this stipulation the record in the cause."

The journal entry recites that the cause was "submitted on the pleadings and a stipulation of facts," and these being all before this court, under the authority of the last sentence of Section 11571, General Code, we will consider the case as submitted on this record, and the motion to dismiss the appeal is overruled.

The pertinent facts only will be set forth briefly. On October 8, 1925, appellant, Margaret F. Schwartz, applied and subscribed for five shares of the capital running stock of The Sandusky County Savings & Loan Company of Fremont, Ohio, and had same made payable to either herself, or Charles L. Schwartz, her husband, or the survivor. The face value of these memberships was not then paid in, but installments were paid, so that at the times herein involved there was and is now a balance in the account of $446.98, and the account is therefore a running stock account in a mutual savings and loan company organized under Ohio laws. The account, by the terms of the deposit, was subject to withdrawal by either joint depositor or the survivor, subject to the rules, regulations, and by-laws of the association, which are not in evidence. A passbook representing the account was issued to appellant, which also is not in evidence.

On June 9, 1937, appellant, then living in New York, N. Y., sent the passbook, together with the following unsigned note by mail to the loan company, *viz.*:

"N. Y. City, June 9, 1937.

"Gentlemen:

"Am sorry to say I wish my account closed, financial conditions demand my doing so. Kindly send check in full."

On June 19, the loan company, by its assistant secretary, sent the following reply to appellant, *viz.*:

"Your passbook received but owing to payments of our dividend July 1/37 we are unable to pay this acct. at this time. Will send your dividends and part of this acct. after July 1/37."

On July 24, 1937, Charles L. Schwartz appeared at the offices of the loan company and demanded the passbook previously sent to it by appellant, and the loan company surrendered same to him without the knowledge or consent of Mrs. Schwartz. Two days later one Wm. M. Schwartz, one of the appellees herein and brother of Charles L. Schwartz, appeared at the offices of the loan company and presented the passbook, and an assignment dated July 26, 1937, signed by Charles L. Schwartz and addressed to the loan company, transferring this account to Wm. M. Schwartz, in the following words, *viz.*:

"This will authorize and direct you to transfer account No. 3701 to Wm. M. Schwartz."

It is stated that there was a valuable consideration for said assignment, to wit: the payment of debts of Charles L. Schwartz owed Wm. M. Schwartz.

The loan company has filed an interpleader herein, stating that the balance in this account has not been paid to anyone, and asks the direction of the court with reference thereto.

The stipulation states that the account was a joint and survivorship account, but it nowhere appears to have granted any right of assignment by either joint depositor to any third person, nor to have carried any language which would impliedly grant such right. The contract was created by appellant, according to the evidence, for the benefit of herself and her husband Charles L. Schwartz, and for the survivor of those two persons and no one else. There can be no question that an individual depositor in an ordinary bank account may assign such deposit. The deposit here is

very definitely not an individual bank deposit, nor even a demand deposit in a building and loan company, which would be contrary to statute law in Ohio. It is a running stock account for five memberships, in the mutual association, definitely limited in its terms, according to the evidence, to Margaret F. Schwartz, or Charles L. Schwartz, or the survivor.

Suppose, on the presentation of the passbook and the assignment from Charles L. Schwartz, the loan company had paid the money to Wm. M. Schwartz, and suppose Charles L. Schwartz should die today, leaving Margaret F. Schwartz as survivor in the joint account, where would the loan company stand? What would prevent Margaret F. Schwartz, under the contract of deposit, from claiming, as survivor, the balance of the account?

In the case of *Cleveland Trust Co.* v. *Scobie, Admr.,* 114 Ohio St., 241, 151 N. E., 373, it is held that when a joint and survivorship savings account is opened in a bank, a present joint interest is created in the right of the depositor in the deposit, and other authorities to the same effect are cited in the opinion. In *Sage* v. *Flueck,* 132 Ohio St., 377, 7 N. E. (2d), 802, it is held in paragraph two of the syllabus, that possession of the passbook is not conclusive, which is also the holding in *Commonwealth Trust Co.* v. *DuMontimer,* 193 Mo. App., 290, 183 S. W., 1137, cited in the *Scobie case, supra.* We think the same principle governs in the creating of any joint and survivorship deposit or account where the necessary intent is shown.

Taking this view, as applied to the instant case, and considering the limited language of the contract as shown by the stipulation, *viz.,* "a joint account with right of survivorship in the names of Margaret F. Schwartz or Chas. L. Schwartz," what right did Charles L. Schwartz have to assign Margaret F. Schwartz's "present joint interest" in this deposit to a third person?

The sending of the passbook and the unsigned note of appellant put the loan company on notice that she was claiming the account, and its letter of acknowledgment so shows. When Charles L. Schwartz demanded the passbook, with appellant's demand already on file, it was notice to the loan company that he was claiming it also. We do not know upon what theory the loan company, with knowledge of the adverse claims thus being made, surrendered the passbook to Charles L. Schwartz and attempted to honor his assignment of the account to his brother William. Appellant's instructions were to send the money to her, not to turn the book over to Charles or any one else. If Charles L. Schwartz had regularly secured possession of the passbook before Margaret F. Schwartz took any steps to withdraw the account herself, and he had withdrawn the account and handed the money to his brother, he would have been within his rights as a joint depositor of the account. But that is not what happened.

We think the court was in error in holding that the assignment of the account by Charles L. Schwartz to William M. Schwartz was valid and that Wm. M. Schwartz thereby became the owner thereof, and the judgment will be reversed and the cause remanded to the Common Pleas Court for further proceedings to determine the ownership of the account as between the joint depositors.

*Judgment reversed and cause remanded.*

CARPENTER and LLOYD, JJ., concur.