Zimmerman, J.
 

 From the evidence in this case, as contained in the bill of exceptions, the following narrative of events and deductions is warranted:
 

 Amy J. Hatch, confined to bed by reason of illness, resided with her daughter, Euth Ella Gerlach. Mrs. Hatch had on deposit in a savings account in the Kenton National Bank the sum of $1,977.88. At her request, a printed card was secured from the bank, which when signed would prima facie create a so-called joint and survivorship account between or among the signers as to the bank account to which the card referred.
 

 Such card was signed by Mrs. Hatch as well as by her daughter, Euth Ella Gerlach, before or about the
 
 *152
 
 middle of January 1949. At or about tbe same time, the bankbook evidencing the savings account was delivered by Mrs. Hatch to Mrs. Gerlach.
 

 Contained in the “Joint Account” card signed by the two women was the following language:
 

 “The undersigned, joint depositors, hereby agree each with the other and with The Kenton National Bank that all sums now on deposit or heretofore or hereafter deposited by either or both of said joint depositors with said bank to their credit as such joint depositors * * * are and shall be owned by them jointly, with right of survivorship and be subject to the check or receipt of either of them or the survivor of them and payment to or on the check of either or the survivor shall be valid and discharge said bank from liability. ’ ’
 

 The day after
 
 the card was signed and the bankbook was delivered to Mrs. Gerlach, Mrs. Hatch told Mrs. Gerlach to pay out of the proceeds of the account her, Mrs. Hatch’s, funeral expenses, give “Aunt Ella” $100 and divide the balance between Mrs. Gerlach and Pauline Myers, Mrs. Gerlach’s sister.
 

 Whether such signed card creating the joint and survivorship account was taken to the bank before or after the conversation relating to the disposition to be made of the funds in the account is uncertain. At any rate, the card was promptly delivered to the bank and the account thereafter appeared on the records of the bank as a joint and survivorship account, the proceeds thereof payable to “Amy Hatch or Ruth Ella Gerlach. ’ ’ A corresponding notation was made on the bankbook together with the words, “either or survivor.”
 

 Obviously, the creation of a joint and survivorship bank account is a matter of intention to be ascertained from the conduct and actions of the persons concerned. Beginning with the case of
 
 Cleveland Trust Co.
 
 v.
 
 Sco
 
 
 *153
 

 bie, Admr.,
 
 114 Ohio St., 241, 151 N. E., 373, 48 A. L. R., 182, this court has adopted the view that persons may contract for the joint ownership of a bank account with the right of survivorship, and, when such a contract has been entered into, the joint owner who survives succeeds to the title to the whole of the proceeds of the account by virtue of the contract. See
 
 Berberick
 
 v.
 
 Courtade,
 
 137 Ohio St., 297, 28 N. E. (2d), 636, and cases cited, and
 
 Rhorbacker, Exr.,
 
 v.
 
 Citizens Bldg. Assn. Co.,
 
 138 Ohio St., 273, 34 N. E. (2d), 751, 135 A. L. R., 988. Compare
 
 Union Properties, Inc.,
 
 v.
 
 Cleveland Trust Co.,
 
 152 Ohio St., 430, 89 N. E. (2d), 638.
 

 This court is not required to and ordinarily does not weigh the evidence. Upon the record in this case, the lower courts were warranted in reaching the conclusion that when Mrs. Hatch and Mrs. Gerlaeh signed the agreement referred to above without conditions or reservations the manifest intention was to establish a joint and survivorship account then and there, in accordance with the wording of such agreement and binding on the bank when brought to its notice.
 

 Mrs. Hatch took no affirmative action during the remainder of her life to impair, alter or nullify the agreement, as she might have done, and the wishes she expressed as to what should be done with the proceeds of the account, made subsequent to the signing of the agreement and on the supposition that Mrs. Gerlaeh would survive her, did not create a condition to the present vesting of title in Mrs. Gerlaeh. 38 Corpus Juris Secundum, 816, Gifts, Section 36. Compare
 
 Oleff, Admr.,
 
 v.
 
 Hodapp, Gdn.,
 
 129 Ohio St., 432, 195 N. E., 838, 98 A. L. R., 764.
 

 By their judgments the lower courts determined in effect, upon sufficient evidence, that a joint and survivorship bank account had been established, entitling
 
 *154
 
 Mrs. G-erlach., as the survivor, to the proceeds thereof; this court can therefore discover no valid reason for reversing the judgment of the Court of Appeals, and such judgment is accordingly affirmed.
 

 Judgment affirmed.
 

 Weygandt, C. J., Matthias, Hart, Stewart, Turner and Taft, JJ., concur.