Zimmerman, J.
Beginning with the case of Cleveland Trust Co. v. Scobie, Admr., 114 Ohio St., 241, 151 N. E., 373, 48 A. L. R., 182, this court has decided a number of controversies involving the ownership of joint and survivorship bank accounts. Frequently the disputes have arisen upon the death of one of the joint depositors and have involved the principle that, where one has created an account with his own money and has then made another a joint owner with right of survivorship, “an intent to transfer a present interest in the fund must be shown.” The decisions have often turned on whether, under the evidence, such intent was proved. Where it was, the survivor prevailed and was awarded the money. See In re Estate of Hatch, 154 Ohio St., 149, 93 N. E. (2d), 585.
Under the Ohio rule the creation of a joint and survivor-ship bank account is a contractual matter, and, where a contest arises as to the ownership of funds in an account, carried in the joint names of two people, and one of them has wholly withdrawn and appropriated such funds to his own use, such case is to be decided on its own facts. The form of the deposit is *125 not conclusive, and the circumstance that by the terms of the deposit either person may withdraw the whole amount is not always dispositive of the issue of ownership.
The real intent of the parties is often a question of fact, and evidence may be admitted to show that intent, even where by signature card or in some other way a joint account has apparently been established. See 7 Ohio Jurisprudence (2d), 253, Section 120 et seq., and 7 American Jurisprudence, 299, Section 425 et seq.
In the instant case, the petition and complaint flatly alleges that the savings and checking accounts were the exclusive property of Peter E. Fecteau, and that only for convenience was the name of June A. Larkin added with the provision that “either may draw — balance at death of either, payable to survivor.” The allegation is further made that, while Peter E. Fecteau was still alive and helpless, June A. Larkin unauthorizedly withdrew these funds belonging wholly to Peter E. Fecteau from the accounts and deposited them in an account in her own name where such moneys remain. In our opinion, these allegations state a case within the quoted provisions of Section 2109.50, Revised Code. Whether plaintiff can prove her charges is another matter of no present concern. So far as the record discloses there was no formal written agreement covering the deposits and signed by the parties. See Oleff, Admr., v. Hodapp, Gdn., 129 Ohio St., 432, 438, 195 N. E., 838, 841, 98 A. L. R., 764; Sage, Exr., v. Flueck, 132 Ohio St., 377, 383, 7 N. E. (2d), 802, 805; and annotation, 33 A. L. R. (2d), beginning at page 569. And here the money was withdrawn from the bank accounts prior to the death of Peter E. Fecteau.
It is suggested that the cases of Goodrich, Admr., v. Anderson, 136 Ohio St., 509, 26 N. E. (2d), 1016, In re Estate of Black, 145 Ohio St., 405, 62 N. E. (2d), 90, and In re Estate of Leiby, 157 Ohio St., 374, 105 N. E. (2d), 583, have relevancy to the instant case. But, with perhaps the exception of the Goodrich case, none of those cases, as does the instant one, involves an effort to recover any existing specific “moneys, chattels or choses in action of the trust estate,” within the meaning of those words as used in Sections 2109.50 and 2109.52, Revised Code. Here it is alleged that defendant Larkin took the decedent’s *126 money and placed it in an account in her name, where it still is. Thus in effect it is stated that the chose in action represented by that account is a chose in action of the trust estate within the meaning of the statutes involved. Therefore, the Goodrich, Black and Leiby cases are distinguishable. Section 2109.52, Bevised Code, expressly empowers the court to hear and determine “questions of title relating to such assets.”
Under Section 2109.50, Bevised Code, the complaint might have been made by “ a person interested in a trust estate. ’ ’ In our view the allegations of the petition are sufficient to place plaintiff within that category. She alleges a relationship to the estate of Peter E. Fecteau through her deceased husband and is now concerned only with bringing the funds involved into the Peter E. Fecteau estate, and avers that the administratrix of the estate refused to make the attempt. If plaintiff can prove her case, she will be an ultimate beneficiary of such funds in some appreciable amount which would certainly make her an interested person.
Although the case is not precisely in point, we think the principles enunciated in Union Properties, Inc., v. Cleveland Trust Co., 152 Ohio St., 430, 89 N. E. (2d), 638, may properly be applied here, assuming the truth of the allegations of the petition.
This court has held on several occasions that Section 1105.09, Bevised Code (formerly Section 710-120, General Code), was enacted solely for the protection of banks. Nichols v. Metropolitan Life Ins. Co., 137 Ohio St., 542, 544, 31 N. E. (2d), 224, and Bauman v. Walter, 160 Ohio St., 273, 275, 116 N. E. (2d), 435. That section does not pass, and was not intended to pass, title to a deposit of money. 7 Ohio Jurisprudence (2d), 258, Section 123.
In our opinion, the judgment of the Court of Appeals herein is correct and, therefore, that judgment is affirmed.

Judgment affirmed.

' Weygandt, C. J., Taet, Matthias and Peck, JJ., concur.
Herbert, J., concurs in paragraphs one and three of the syllabus but dissents from paragraph two thereof and from the judgment.