Taft, J.,
dissenting. The question to be determined by this court is whether the Court of Appeals erred' in reversing the judgment of the Probate Court which reads so far as pertinent: “* * * this cause came on to be heard upon the exceptions to determination of inheritance tax filed herein by * * * Bowers, Tax Commissioner.
“Upon consideration the court finds that the executrix of this estate has filed an inheritance tax application herein; that attached to said application and made a part thereof is a schedule which discloses United States government E bonds in the total amount of $9215.65; that said United States government E bonds are in the name of Ruth M. Evans or E. S. Evans, now deceased; that said bonds are listed on the application to determine inheritance tax as property not subject to tax; that there is an affidavit attached to the application for the determination of inheritance tax which states that these said United States government E bonds were purchased out of the funds of Ruth M. Evans only; that the statements contained in said affidavit are true and that there is no property in said United States government E bonds passing to the said Ruth M, Evans upon the death of the said E. S. Evans.
*144 “The court further finds that the exception filed by * * * Bowers, Tax Commissioner, * * * is not well taken.”
The bonds involved in the instant ease are payable to Mr. Evans “or” Mrs. Evans. It is only by reason of federal regulations relating to payments on and reissues of this kind of a bond that it can be held that these bonds could be described by the words of Section 5731.02 (E), Revised Code, as “property # * * held by two or more persons jointly, so that upon the death of one of them the survivor has a right to the immediate ownership or possession and enjoyment of the whole property.” See 31 Code of Federal Regulations, Section 315.60 (providing in effect that such bond payable, for example, to “John A. Jones or Mrs. Mary C. Jones” may be paid to either upon his or her separate request or, if both request payment jointly, will be paid “by check drawn to their order jointly, for example, / John A. Jones AND Mrs. Mary C. Jones’ ”), and Section 3Í5.61 (providing that “if either co-owner dies * * * the survivor will be recognized as the sole and absolute owner”).
However, this court has consistently held that the similar statutory provisions of Section 1105.09, Revised Code (formerly Section 710-120, General Code), with respect to so-called joint and survivorship bank accounts were “enacted solely for the benefit and protection of banks” and that those provisions are “not helpful in determining the rights in the deposits of the obligees as between themselves.” Bauman v. Walter (1953), 160 Ohio St., 273, 116 N. E. (2d), 435; Fecteau v. Cleveland Trust Co. (1960), 171 Ohio St., 121, 126, 167 N. E. (2d), 890; Union Properties, Inc., v. Cleveland Trust Co. (1949), 152 Ohio St., 430, 89 N. E. (2d), 638; and Nichols v. Metropolitan Life Ins. Co. (1941), 137 Ohio St., 542, 31 N. E. (2d), 224. If those provisions could have been helpful in such a determination, they would certainly have been referred to by this court when it decided the leading case of Cleveland Trust Co. v. Scobie, Admr. (1926), 114 Ohio St., 241, 151 N. E., 373, 48 A. L. R., 182.
The foregoing federal regulations were obviously designed to protect the government in making payments on or in reissuing such bonds. Nothing therein indicates any intention to affect the rights in or to the bonds of any alternative payees named therein as between themselves.
*145 In Union Properties, Inc., v. Cleveland Trust Co., supra (152 Ohio St., 430), the syllabus, concurred in by all the members of the court, reads:
“1. Where money is deposited in a bank in an account carried in the joint names of a husband and wife, with the balance at the death of either payable to the survivor, and a judgment creditor of the husband during the lives of the husband and wife attempts by a proceeding in aid of execution to appropriate the money in such account in the right of the husband, the form of the deposit is not conclusive on the subject of joint ownership and evidence may be introduced that the deposit was in truth made and maintained on a different basis.
“2. The money in such account is not subject to appropriation by the husband’s judgment creditor, where it is found upon evidence of sufficient probative force that notwithstanding the form of the deposit the money is in reality the sole property of the wife.”
In Fecteau v. Cleveland Trust Co., supra (171 Ohio St., 121), the third paragraph of the syllabus reads:
“The fact that a bank account is carried in the names of two persons jointly with right of survivorship is not always conclusive as to the ownership of the account, and, where a controversy arises as to the ownership of such account, evidence is admissible in a proper case to show the true situation. ’ ’
See also Bauman v. Walter, supra (160 Ohio St., 273), and Nichols v. Metropolitan Life Ins. Co., supra (137 Ohio St., 542).
There is nothing in the finding of the Probate Court or in the record in the instant case even tending to suggest that, when Mrs. Evans purchased these bonds with her own money, she “intended to transfer” to her husband any “present * * * interest” in those bonds. See syllabus in Cleveland Trust Co. v. Scobie, supra (114 Ohio St., 241). On the contrary, the Probate Court, as the finder of the facts, found in effect that Mr. Evans had “no property in” the bonds.
There was no bill of exceptions before the Court of Appeals and there is nothing in the record even suggesting that the Probate Court should not have so found.
The case of Tax Commission v. Hutchison (1929), 120 Ohio *146 St., 361, 166 N. E., 352, cited in the majority opinion, involved a wholly different factual situation. Thus, the report of that case states that all the balances in the bank accounts there involved “were immediately and directly derived from” sales of real estate which had been held in the joint names of the two depositors and the syllabus deals with “a joint bank account maintained by them to which both contributed.”
The case of Cleveland Trust Co. v. Scobie, supra (114 Ohio St., 241), also involved a wholly different factual situation. There, as stated in the syllabus, “the record” showed “that the depositor intended to transfer to the person to whom he made the account jointly payable a present joint interest therein equal to his own, and the passbook” had “been left in the possession of the bank for withdrawals by either party.” On such facts, it is apparent that, to use the words of the majority opinion in the instant case, “the absolute owner creates such rights in another that the prior absolute owner’s rights may be completely divested by such other person.” There is not even a suggestion of any such facts in the record in the instant case.
Of course, if Mr. Evans had survived Mrs. Evans, he would, “by virtue of” her “contract” with the federal government, have become the owner of these bonds. In re Estate of Hatch (1950), 154 Ohio St., 149, 93 N. E. (2d), 585. However, this right to the bonds could not accrue in Mr. Evans (1) until Mrs. Evans died and (2) unless Mr. Evans was then living. It could not accrue until then because Mrs. Evans could at any time have prevented its accrual by cashing the bonds. Obviously, this .right never did accrue in Mr. Evans.
Unless and until he secured possession of the bonds, Mr. Evans could not have cashed them or gotten anything for them or even interferred with Mrs. Evans’ cashing of them. There is. no finding or anything in the record to suggest that Mr. Evans ever had possession of, or even access to, the bonds at any time during his life.
Thus, without possession of or access to the bonds and until he survived Mrs. Evans and in the absence of any intention of Mrs. Evans to transfer any present interest in the bonds to him, Mr. Evan's would have no property in the bonds, Un *147 less we ignore onr pronouncements of law and decisions in cases such as Union Properties, Inc., v. Cleveland Trust Co., supra (152 Ohio St., 430), and Nichols v. Metropolitan Life Ins. Co., supra (137 Ohio St., 542), we must conclude, as the Prohate Court found, that “there is no property in said * * * bonds passing to” Mrs. Evans “upon the death of” Mr. Evans.
Undoubtedly, the General Assembly could provide for a presumption that would shift the burden of proof from the state with regard to the ownership by the decedent of joint and survivorship property that is held in the names of a husband and wife. However, how can anyone reasonably contend that a statute, which states that a tax shall be levied “upon the succession to * # * property passing,” is not arbitrary to the extent that it requires that property wholly owned by a wife at her husband’s death be taxed as a succession from her husband?
The majority opinion suggests that the General Assembly may constitutionally provide for “the arbitrary designation of one half of joint and survivorship property as a taxable succession, without regard to the actual enhancement of the surviving co-owner’s rights” because “the right of succession is created solely by statute ’ ’ and the general Assembly may therefore “tax in any manner or proportion the right of succession it has created.” The writer of this opinion has considerable doubt as to whether the General Assembly may arbitrarily take away a substantial part of a right of succession that it creates merely because the succession is from a deceased spouse if it would not take any part of such right where the succession was from someone else. See Section 2 of Article I of the Ohio Constitution. However, the right of the wife to take involved in the instant case, if it should involve a right to take anything, would not be a right created by statute. Instead, it would be as this court held in In re Estate of Hatch, supra (154 Ohio St., 149), a right created by contract.