O’Neill, J.
The appellee, Florence P. Stearns, contends that the judgment of the Court of Appeals is proper upon the grounds (1) that she was an adverse party in the cause before the Probate Court, (2) that she did not receive written notice of the intention to take her deposition and those of Turnbull and Peterman, as provided in Section 2319.15, Revised Code, (3) that the depositions of Turnbull and Peterman were not taken upon written interrogatories as required by Section 2319.11, Revised Code, and she did not waive this requirement, (1) that she did not receive notice of the time and place of hearing on the motion to take the above depositions as provided by Sections 2309.69 and 2309.70, Revised Code, and (5) that she refused to sign her deposition as required by Section 2319.18, Revised Code, and did not waive the provisions of this section.
She takes the position, therefore, that her deposition was “not a deposition” under the law, and that the depositions of Turnbull and Peterman were not properly admissible in the record.
Mrs. Stearns did give her deposition voluntarily and was represented by counsel at the taking of the deposition.
Stipulations were entered into by counsel for the executors and counsel for Northwestern University, prior to the taking of the depositions, at the time of the taking of the depositions and at the time of trial before the Probate Court, waiving the *281 provisions of the statutes to which Mrs. Stearns refers, in accordance with the provisions for waiver of such statutes.
The fallacy in the position of Mrs. Stearns and the error in the judgment of the Court of Appeals are that Mrs. Stearns was not a party in the proceeding before the Probate Court. The parties in such proceeding were the'executors, whose motion requested an amendment to the inventory and appraisement, and Northwestern University, which filed an exception to the inventory and appraisement. Mrs. Stearns was only collaterally interested in this proceeding. Therefore, the provisions of the statutes referred to by Mrs. Stearns have been complied with in respect to all the parties to this proceeding or have been properly waived by all such parties.
Where exceptions are filed to an inventory and appraisement of a decedent’s estate and its appears that there was sufficient evidence presented at the hearing to support the finding of the Probate Court, a reviewing court will not interfere. In re Estate of Hatch, 154 Ohio St., 149.
This court will not interfere with that portion of the judgment of the Probate Court which orders “that said inventory be amended to include a claim against said Florence P. Stearns in the amount of $9,970.86 [being the proceeds of the sale of one hundred shares of stock by The First National Bank & Trust Company of Evanston on October 12, 1959, which amount was applied to her debt to the bank], with interest at 6 per cent per annum from October 12, 1959, to the date of payment.” However, the Probate Court erred in that portion of its judgment which provides that “failing payment, such claim be set off against her distributive share as a beneficiary of said estate. ’ ’
Mrs. Stearns was not a party to that proceeding; therefore she has no right to appeal from a judgment therein. She is entitled to her day in court in any litigation to recover upon the above claim or any litigation to obtain a setoff in the amount of this claim or any part of it against the bequest to her under the will.
The contention of Mrs. Stearns that the Probate Court could not enter the cash price for which the stock was sold as its appraised value on the inventory and appraisement, with *282 out appraisal by the appraisers, is without merit. See Sections 2115.02 and 2113.69, Revised Code.
The judgment of the Court of Appeals is, therefore, reversed, and the judgment of the Probate Court is affirmed in every respect except that it is modified by striking therefrom that portion which provides that “failing payment, such claim be set off against her distributive share as a beneficiary of said estate. ’ ’

Judgment of the Court of Appeals reversed and judgment of the Probate Court affirmed as modified.

Taft, C. J., Zimmerman, Matthias, Griffith, Herbert and Gibson, JJ., concur.