JOSEPH JACQUIN

*v.*

CALVIN G. DAVIDSON.

1. VERDICT—*weight of evidence.* In a case where the evidence is conflicting, it is for the jury to determine its weight; and, when they have determined it, their verdict will not be disturbed unless it is manifestly against the evidence.

2. WITNESS—*competency of defendant.* Under the act of 1867, in reference to the competency of witnesses, where the agent of the purchaser who made the contract for the party, testifies in the case after the purchaser has died: *Held*, that the seller of the property is a competent witness in the case.

APPEAL from the Circuit Court of Woodford county; the Hon. S. L. RICHMOND, Judge, presiding.

The opinion states the case.

Mr. JOHN CLARK, for the appellant.

Mr. A. E. STEVENSON, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was an action of replevin, brought by Joseph Jacquin, in his lifetime, to recover, from appellee, a crib of corn. Jacquin claimed to have purchased it from appellee for the

sum of five hundred dollars, to be paid before the corn was removed. Appellant claims that he paid fifteen dollars, through his agent, at the time the contract was made. It seems to be conceded that the corn was not to be removed until the money was paid, and it appears that it was tendered before the suit was brought. Appellee, however, claims that two hundred dollars of the price were to be paid by the middle of the week after the agreement was entered into by the parties. This, he insists, was the agreement, and constituted a part of the contract. On the part of appellant, it is claimed, that the agreement to pay the two hundred dollars depended upon whether appellee should want it, and that he did not demand the money. There is no evidence that it, or any part of it, was paid or tendered to appellee until the full amount was afterwards tendered before the suit was brought.

The right of recovery turned upon this question, and on that point the evidence was conflicting, and in the conflict of evidence it was for the jury to determine to which side they should, after weighing the testimony carefully, give credit. They have found that the payment of two hundred dollars at that time was a part of the contract, and we are not prepared to hold that their finding is not sustained by the evidence, as it is only where a verdict is manifestly against the evidence that we will disturb it. In this case there was evidence which is sufficient to support the verdict.

It is insisted that the court erred in permitting appellee to testify to the contract, the other party being dead. The 2d section of the act of February, 1867, relating to the competency of witnesses, prohibits one party from testifying, on his own motion, in the case, to facts occurring before the death of the opposite party, when he had died and his representative is prosecuting or defending the suit, except in a number of specified cases. The second exception declares, that if an agent of the deceased person shall testify in the case, then the opposite party may testify to any conversation or transaction

between such agent and the opposite party. In this case, the agent of Jacquin, who made the contract, was called, and testified as a witness on behalf of appellant. This, then, brought appellee within the terms of the statute, and authorized him to testify in the case.

The judgment of the circuit court is affirmed.

*Judgment affirmed.*