By the Court.
 

 The conflicting claims of the parties hereto, Josephine Bender and the Cleveland Trust Company, as executor of the last will and testament of David Bender, deceased, who will be referred to hereafter as plaintiff and defendant, respectively, arise from a state of facts as to which there is little or no controversy.
 

 David Bender opened a savings account in 1891 or 1892 in his own name in the Garfield Savings Bank, which in 1922 merged with the Cleveland Trust Company. The plaintiff and David Bender were married in 1903, she being his second wife. Said account
 
 *591
 
 was retained by David Bender in his own name until 1923 or 1924 when he went to the office of the manager of the Lakeview branch of the Cleveland Trust Company, where his deposit was then carried, and expressed a desire to make such arrangement as to his deposit that Mrs. Bender could withdraw therefrom living expenses from time to time. Mrs. Bender was not present. The testimony of the manager with reference to that transaction is, in substance, that Mr. Bender explained that it was becoming difficult for him to come to the office, his eyesight being nearly gone, and stated that he desired to make such arrangement only for convenience in withdrawing funds because of his physical infirmity, and requested that in making such arrangement a limitation be placed upon such withdrawals to be made in the manner contemplated, but the bank would not consent to such arrangement with a limitation upon the authority of Mrs. Bender because of the trouble and inconvenience that it would cause the bank by requiring it to constantly check such withdrawals. Thereupon the name of Josephine Bender was placed upon the ledger card along with that of David Bender, and the words “either may draw” were placed underneath these names with a rubber stamp. The last passbook issued had the same notation thereon. The record shows that thereafter, upon at least three occasions, sums were withdrawn upon the signed order of David Bender, but it does not disclose that any withdrawals were otherwise made until January 31, 1928, when the plaintiff withdrew $2,000, and on February 6, 1928, one week prior to the death of David Bender, withdrew
 
 *592
 
 the entire remaining balance of $14,112.23. David Bender died February 13,1928, at the age of eighty-six, three children by a former wife surviving. Four months prior to his death David Bender executed his will, wherein item 2 reads as follows: “I give and bequeath to my wife, Josephine Bender, the sum of seven thousand dollars. I direct that my executor hereinafter named to permit her the use and enjoyment of the real estate now used by me and her as a residence, for a period of one year after my decease, after which time the executor is directed to sell said residence and its furnishings. I am making no further distribution to my said wife for the reason that I have made transfers to her during my lifetime amounting in the aggregate of approximately seven thousand dollars.”
 

 Item 5 of the will specified that the provisions made for testator’s wife were intended to be in lieu of her dower interest in his real estate and distributive share of his personal property, as well as of her right to a year’s support and any and all other rights or claims she might have in or against the estate. At the date of the execution of the will the balance in said savings account amounted to $15,-677.79. It is disclosed by 'the record that David Bender had transferred a half interest in an $8,000 first mortgage to his wife, and that on February 1, 1927, upon his written order and direction, the sum of $2,000 had been transferred from his said savings account “to new savings acct. for Mrs. Josephine Bender.”
 

 The significant and, in our opinion, the controlling and decisive fact appearing in this case is that
 
 *593
 
 no right of survivorship was expressed in the direction given to, and authority conferred upon, the bank; but, on the contrary, the limited purpose clearly indicated by David Bender for which such arrangement was made that “either may draw” expressly excludes the view that Josephine Bender was given any right to said fund as a survivor. This case is therefore clearly distinguishable from the cases upon which reliance is placed by counsel for Mrs. Bender, and particularly the case of
 
 Cleveland Trust Co.
 
 v.
 
 Scobie, Admr.,
 
 114 Ohio St., 241, 151 N. E., 373, 48 A. L. R., 182. In that case there was a specific provision for payment to the survivor, and the bank was a party to that arrangement, and the purpose thereof was manifest. Here there is no such arrangement made by the bank to pay the survivor, and the intent and purpose to the contrary is shown. Where there is no provision for payment to the survivor, we must look for the prerequisite for a gift
 
 inter vivos,
 
 which is a complete delivery. If we adopt the view that from possession, actual or constructive, of the fund in question, a presumption arises that a gift was intended, such is completely overcome by the evidence adduced, from which it must be concluded that no such gift was contemplated by David Bender. Shortly thereafter, when he evidently did desire to give a portion of that fund to Mrs. Bender, he did so by written order expressly directing that it be transferred “to new savings acct. for Mrs. Josephine Bender.” This clearly indicates that David Bender had not at that time abandoned his original intention and purpose, as expressed to the manager of the branch bank, that the arrange
 
 *594
 
 ment made with the bank was merely a matter of convenience for withdrawing funds therefrom because of his illness. Not only as indicative of his original intent and purpose, but also as manifesting a continuation thereof, the provisions of the will above referred to are persuasive. Certainly Mrs. Bender did not understand that she would become entitled to said fund as the survivor of her husband or she would not have undertaken to withdraw it during his lifetime and deposit it elsewhere in her own account. It may be further suggested that it is quite probable that, if David Bender considered that he had transferred the account in question to his wife, or made such an arrangement as would constitute her the sole owner thereof at his death, he would have given some indication thereof in the provision of his will above quoted, for it must be borne in mind that at the time of making his will there was more than $15,000 in that account. A reading of the statement in his will as to the transfers he had made to Mrs. Bender is quite convincing that he did not then regard the arrangement he had made to be such as to constitute her the owner of that fund upon his death.
 

 It must be concluded that there was no gift, for the reason that the evidence fails to disclose a delivery coupled with the intention to pass the property as a gift. Although the cases are not in accord, the weight of authority supports the view above indicated. The more recent cases involving this question are fully annotated in 48 A. L. R., 189.
 

 The plaintiff not having been entitled to the balance of said account upon the death of David Ben
 
 *595
 
 der, the withdrawal thereof by her immediately be-, fore his death, and in contemplation of his impending demise, did not serve to create any additional right to such fund. Her action in making such withdrawal created a constructive trust in favor of the estate of David Bender, and the order of the Court of Appeals for the payment thereof to the executor was right, and its judgment is affirmed.
 

 Judgment affirmed.
 

 Marshall, C. J., Jones, Matthias, Day, Allen, Kinkade and Robinson, JJ., concur.