### HELD, Admr v MYERS et

Ohio Appeals, 6th Dist, Lucas Co

No 2808. · Decided Feb 13, 1934

Flory & Taylor, Toledo, for plaintiff.
Williams, Eversman & Morgan, Toledo, for defendants.

## OPINION

By RICHARDS, J.

It would serve no useful purpose to review in detail the evidence introduced in this case. We have given it all a careful examination and are fully satisfied with the establishment of this joint and survivorship account in the savings association in the name of Frederick Tattersall and Laura B. Myers was merely as a matter of convenience and for the accommodation of Tattersall during his illness, and that it vested no present interest in Laura B. Myers at the time of the transfer, and this appears by clear and convincing evidence to have been the agreement of the parties. Indeed, William Myers, husband of the defendant, testified that Tattersall stated in the presence of the witness and Mrs. Myers:

"I know you people are honest and if I do come out I know it will be turned back to me in case I did come out."

The Supreme Court held in **Cleveland Trust Co. v Scobie, 114 Oh St, 241, 249,** that in order to constitute a gift in such a case, an intent to transfer a present interest in the fund should be shown, and such an intent is wholly lacking in this case. The evidence shows that the decedent was and had been on friendly terms with Mrs. Myers and her husband for many years and that he had brothers and a sister and niece with whom he was on friendly terms. The value of the property claimed by the defendant, Mrs. Myers, is evidently more than half of the entire estate which the decedent owned at the time of the transfer.

Objections have been made relating to the introduction of evidence bearing on the relations existing between the decedent and Mrs. Myers and her husband on the one hand and between the decedent and the members of his family on the other, and as to many other incidental matters having little, if any, relation to the merits of the case. The evidence showing those relations to have been friendly or otherwise was competent as bearing on the intent of Tattersall in making the transfer and those relations, whatever they were, were well known at the time to all parties to the transaction.

No doubt can exist but what parol evidence is admissible to show the existence of a trust in this case, such evidence having been held admissible even to engraft a trust upon a deed, the only requirement being that the evidence shall clearly and convincingly show the necessary facts. **Boughman v Boughman, 69 Oh St, 273.**

Under the evidence in the case we are convinced that the plaintiff, as admiinstrator, is entitled to the relief asked, and a decree will be rendered in his favor.

Judgment and decree for plaintiff.

WILLIAMS and LLOYD, JJ, concur.