KEYT, EXR., APPELLANT, *v.* MITCHELL ET AL., APPELLEES.

(No. 517—Decided November 22, 1957.)

*Mr. Bernard S. Keyt,* for appellant.

*Messrs. Lilley, Turner & Gaier* and *Messrs. McCulloch, Felger & Fite,* for appellee.

CRAWFORD, J. This is an appeal on questions of law from a judgment of the Common Pleas Court declaring defendant Estelle Cammack, an appellee herein, entitled to the proceeds of an account in the Citizens National Bank & Trust Company of Piqua, Ohio, as against the claim of plaintiff, appellant herein, that the same belongs to the estate of James Artis, deceased.

The action was brought for a declaratory judgment. There is evidence to indicate that on July 13, 1942, Estelle Cammack and James Artis, decedent, who was her uncle, entered into a joint and survivorship savings account and executed a signature card containing the following language:

"The deposit made to our joint account in your bank shall be governed by the provisions of Section 710-120 of the General Code of Ohio and you are hereby authorized and ordered to pay the same, or any part thereof to the order of either of us, and the same shall continue to be so payable notwithstanding the death or incapacity of either of us and said account shall be payable to the survivor, or order, notwithstanding such death or incapacity; and the receipt of either of us shall be a full release and discharge to you of any further liability for the amount so paid to either of us or the survivor. Each transfers to the other a present equal undivided interest in this account and all additions thereto, for our respective lives, balance to the survivor absolutely."

The evidence indicates also that the account was closed at some undetermined date prior to December 5, 1945, the detailed records prior to that time having been destroyed by flood; that the account was "reopened" on December 5, 1945, and a passbook issued to "James Artis or Estelle Cammack"; that the account continued with deposits and withdrawals until November 2, 1951; that the witness, Elsie M. Ross, who was in

charge of the savings department of the bank, required no new signature card when the account was "reopened" on December 5, 1945, she having testified that "the reason is, I had a signature card. When someone comes in and reopens an account, I don't require a new card. A new card is not required when a man reopens an account, and this was a reopened account"; that on November 2, 1951, Estelle Cammack brought in the passbook, signed her own name to a receipt (and also, at Ross' request, signed Artis' name), and either transferred or redeposited the amount in her name; that on the same day, Miss Ross, upon telephone instructions from Artis, "put it back in his name. He asked that it be put in the original book as it was in the original book (of December 5, 1945) and I did that"; that Ross mailed the book to Artis who retained possession thereof either personally or through his friend, the witness Mitchell, until his death; and that there was no receipt for withdrawal of the money from the account of Estelle Cammack and no deposit slip evidencing redeposit in the old account.

The trial court accepted this evidence as constituting substantially the true facts.

This being an appeal on questions of law only we are bound by these findings of fact unless we should find them to be contrary to the weight of the evidence, which we do not. 3 Ohio Jurisprudence (2d), 789, Appellate Review, Section 809.

Plaintiff strenuously contends that this cause is essentially equitable in nature, so that despite the fact that the appeal is noted upon questions of law only he is entitled to have us determine the case *de novo*.

The case is essentially legal, not equitable. Besides, this distinction is no longer the determining factor in distinguishing between cases appealable upon questions of law and fact and those appealable upon questions of law only. Section 2501.02, Revised Code.

But in any event this case has actually been appealed on questions of law only. And, as observed by Judge Stewart in *State, ex rel. Squire, Supt., v. City of Cleveland,* 150 Ohio St., 303, 82 N. E. (2d), 709, at page 344, "the appeal from the trial court to the Court of Appeals was upon questions of law and therefore the Court of Appeals could not retry the case."

The assignments of error are four in number, and complain of the following:

(1) Error in not finding that the original account opened on July 13, 1942, was finally closed before December 5, 1945.

(2) Error in finding that the account opened December 5, 1945, was a continuation of the prior account.

(3) Error in finding that the latter account was a survivorship account.

(4) Error in finding that the account opened December 5, 1945, was either a joint or joint and survivorship account.

On the basis of the facts found by the trial court upon reasonable evidence, we may approach the situation in either of two ways. First, we may accept the informal handling of these transactions and find, as did the Common Pleas Court, that it was the intention of the parties that the original account, opened on July 13, 1942, and the subsequent accounts, opened on December 5, 1945, and November 2, 1951, were all phases of the same joint and survivorship account. In this event of course defendant Estelle Cammack must be held entitled to the proceeds.

Or on the other hand, we may require strict and precise compliance with the usual methods of doing business. In this event we are bound to find that at the time Estelle Cammack withdrew the balance on December 5, 1945, she was authorized to do so by at least the joint form of the account as shown by the passbook and the ledger. Clearly the amount was not thereafter regularly withdrawn from her account. In this situation also she would be entitled to retain it, in the absence of proof of Artis' ownership.

The ownership of joint accounts is determined not only by the form thereof but by the surrounding facts and the intent of the parties as disclosed by the circumstances. 7 Ohio Jurisprudence (2d), 253, Banks, Section 120.

Ross testified that Artis made all the deposits and, while this is one circumstance to be considered, it is hardly conclusive as to ownership, particularly in view of the fact that the evidence shows Cammack to have been a resident of Chicago and less likely to deal with the bank directly even if her own funds were involved.

The Common Pleas Court properly and necessarily refused to permit Estelle Cammack to testify against an administrator. And we cannot consider her proffered testimony that she and Artis made substantially equal contributions to the account.

But we may note from the passbook issued December 5, 1945, and from withdrawal slips and Ross' testimony, that although there were comparatively few withdrawals, yet on two occasions, January 8, 1946, and June 15, 1950, Artis withdrew substantially half the balances at those respective times, and that in the latter instance the amount withdrawn was practically the same as the balance withdrawn by Estelle Cammack on November 2, 1951. For whatever it may be worth, this circumstance, likewise, is not conclusive.

But the point is, we cannot say, in view of all the circumstances surrounding the account, that the Common Pleas Court was wrong in finding Estelle Cammack entitled to the proceeds of the account.

By the same token we cannot say that the court was wrong in finding the necessary intent and agreement of the parties that the account was to continue after December 5, 1945, and after November 2, 1951, as a joint and survivorship account in the full sense of that term.

There can be no question of the principle asserted by plaintiff that the existence of a joint and survivorship account must necessarily be based upon contract, as the several cases cited amply demonstrate. *Berberick* v. *Courtade,* 137 Ohio St., 297, 28 N. E. (2d), 636; *In re Estate of Hutchison,* 120 Ohio St., 542, 166 N. E., 687; *Guitner, Admx.,* v. *McEowen,* 69 Ohio Law Abs., 187, 124 N. E. (2d), 744; *Oleff, Admr.,* v. *Hodapp, Gdn.,* 129 Ohio St., 432, 195 N. E., 838; *Sage, Exr.,* v. *Flueck,* 132 Ohio St., 377, 7 N. E. (2d), 802; *In re Estate of Fulk,* 136 Ohio St., 233, 24 N. E. (2d), 1020; *Rhorbacker* v. *The Citizens Building Assn. Co.,* 138 Ohio St., 273, 34 N. E. (2d), 751; *Bender* v. *Cleveland Trust Co.,* 123 Ohio St., 588, 176 N. E., 452.

However, there is some evidence that James Artis accepted the continuation of the use of the original signature card and assented to the plan for a joint and survivorship account when the account was opened or reopened on December 5, 1945. **The witness, Elsie M. Ross, testified:**

"Q. So as I understand from your testimony, when Mr. Artis came in December 5, 1945, he wanted to reopen that account. A. Yes.

"Q. For which you had the signature card. Is that correct?

"(Objection, overruled.)

"Q. And your answer to that was yes? A. Yes."

Where the evidence in a case is in conflict, or where reasonable minds might differ as to the inferences to be drawn therefrom, both the trial court and the Court of Appeals are authorized and required to weigh the evidence, but in such a situation the Court of Appeals, on an appeal on questions of law, cannot as a matter of law find the facts otherwise than as found by the trier of fact. In such a situation the sole function of the Court of Appeals is to weigh the evidence and either affirm the finding of the trier of the facts or, if such finding be against the weight of the evidence, set it aside and remand for a new trial. 3 Ohio Jurisprudence (2d), 789, Appellate Review, Section 809.

Upon the basis of the facts reasonably found by the trial court we would not be justified in disturbing that court's conclusion that the somewhat informal but apparently customary method of doing business constituted the account one in the nature of a joint and survivorship account up to November 2, 1951. Hence, Estelle Cammack had full power and authority to withdraw the balance on that date and deposit it in her own name, which she did. And there it remained unless by the further informality it could be considered transferred from her account and back into the old joint and survivorship account. In either case she would be entitled to the proceeds.

The judgment of the Common Pleas Court is affirmed.

*Judgment affirmed.*

HORNBECK, P. J., and WISEMAN, J., concur.