Herbert, J.,
dissenting. Paragraph one of the syllabus here is, of course, fully borne out,by the provisions of Section 2109.50, Revised Code, quoted in part at the outset of the statement of the case. I concur in that paragraph of the syllabus, but the last sentence of the first paragraph of that section (not quoted here) reading, “the Probate Court may initiate proceedings on its own motion, ’ ’ should also be noted.
In the case of In re Estate of Fife, 164 Ohio St., 449, 132 N. E. (2d), 185, this court held that a proceeding for the discovery of concealed or embezzeled assets of an estate, instituted under Section 2109.50, Revised Code, is a special proceeding of a summary and inquisitorial character and is quasi criminal in nature. It also held that in such a proceeding it is the court which cites the person suspected, and that such suspected person is in reality the witness of the court.
In conjunction with Section 21Ó9.50, the next two' sections must also be considered. Section 2109.51 provides for imprisonment of the person cited under Section 2109.50, if he refuses or neglects to appear and submit to an examination or to answer interrogatories propounded, until he submits to the court’s order. Section 2109.52 provides:
“When passing on a complaint made under Section 2109.50 of the Revised Code, the Probate Court or the Court of Common Pleas shall determine, by the verdict of a jury if either party requires it or without if not required, whether the person accused is guilty of having concealed, embezzled, conveyed away, or been in the possession of moneys, chattels,, or choses in action of the trust estate. If such person is found guilty, the court shall assess the amount of damages to be recovered or the court may order the return of the specific thing concealed or embezzled or may order restoration in ldnd. The court may cite into court all persons who claim any interest in the assets alleged to have been concealed, embezzled, conveyed, or held in possession and at such hearing may hear and determine questions of title relating to such assets. In all cases, except when the person found guilty is the fiduciary, the court shall forthwith render judgment in favor of the fiduciary or if there is no fiduciary in this state, the court shall render judgment in favor of the state, against the person found guilty, for the *128 amount of the moneys or the value of the chattels or choses in action concealed, embezzled, conveyed away, or held in possession, together with ten per cent penalty and all costs of such proceedings or complaint; except that such judgment shall be reduced to the extent of the value of any thing specifically restored or returned in kind as provided in this section. If the person found guilty is the fiduciary, the court shall forthwith render judgment in favor of the state against him for such amount or value, together with penalty and costs as provided in this section.” (Emphasis supplied.)
The provision that the court has authority “to determine questions of title” has been in this statute since it was enacted in 1932 (see Section 10506-73, General Code) but never before has been extended to cover a situation such as presented here.
In the case of Goodrich, Admr., v. Anderson, 136 Ohio St., 509, 26 N. E. (2d), 1016, an action was brought in Probate Court by an administrator under the provisions of Sections 10506-67, 10506-73 and 10506-75, General Code (now Sections 2109.50, 2109.52 and 2109.54, Revised Code), to recover from the son of his decedent two notes executed by the son as security for money loaned to him by his father, which notes were never paid but were given back to the son about six months before the father’s death. It is stated in the opinion that the son testified at the hearing that he burned the notes shortly after his father gave them to him. The proceeding in that case was in the same form as the one here except that it was begun in the Probate Court instead of the Court of Common Pleas. The Probate Court found “that the said notes complained of were assets of the * * * [decedent] and the administrator is hereby directed to proceed to institute such action as may be necessary and proper for the recovery of the same.” An appeal from that order was perfected to the Court of Common Pleas, which court made the following finding and judgment:
“I find from a preponderance of the evidence that * * * [the son] is not guilty and dismiss this complaint.”
This court held in that case as follows:
“1. The purpose of Sections 10506-67 to 10506-77, inclusive, General Code, relating to proceedings to discover concealed or embezzled assets of an estate, is not to furnish a substitute for *129 a civil action to recover judgment for money owing to an administrator or executor, but rather to provide a speedy and effective method for discovering assets belonging to the estate and to secure possession of them for the purpose of administration.
“2. Where, in such proceeding, the defendant is found not guilty of concealing or embezzling assets of the estate of the decedent, the court may not proceed to determine other issues, but has no alternative except to dismiss the complaint.”
See, also, in the opinion by Myers, J., in that case the following statement:
“* * * The proceeding is special and designed to facilitate the administration of estates, but it may not be used primarily as a substitute for a civil action for a money judgment wherein pleadings are required properly to define the issues.
“The special proceeding instituted on such a complaint is quasi criminal in character. Section 10506-73, General Code, provides that where the court finds a person guilty of concealing assets it shall render judgment against such person for the value of the effects so concealed plus a ten percent penalty. But in a civil action for money only on these notes there could be no ten per cent penalty added to the judgment. Nor is there any authority in this proceeding under Section 10306-73 for a money judgment to be rendered without the ten per cent penalty. Therefore, in order to have jurisdiction to proceed to a money judgment in such a proceeding, there must first be a finding that there has been a concealment of assets. But if there be no concealment, as in the instant case, the court has no authority to proceed further.”
In the case of In re Estate of Black (1945), 145 Ohio St., 405, 62 N. E. (2d), 90, this court held in paragraph five of the syllabus:
“Resort may not be had to Section 10506-67 et seq., General Code, to collect a debt, obtain an accounting or adjudicate rights under a contract.” See, also, the opinion in the Black case, at page 412.
In the first paragraph of the syllabus in the case of In re Estate of Leiby, 157 Ohio St., 374, 105 N. E. (2d), 583, all but *130 one of the members concurring, this court approved and followed the Goodrich and Black decisions.
Those cases all originated in the Probate Court under the section which now is Section 2109.50, Revised Code.
In the Fife case, supra, this court reversed the judgment and remanded the cause for a new trial solely on the basis that the trial court had not required the proof of a gift inter vivos by clear and convincing evidence as required in paragraph two of the syllabus in Bolles v. Toledo Trust Co., Exr., 132 Ohio St., 21, 4 N. E. (2d), 917. That rule not being applicable to the instant case, the rule laid down in the cases prior to the Fife case remains undisturbed, even by the decision here.
The petition originally filed in this case alleged that the defendant Larkin is “wrongfully and fraudulently withholding same with the intent to defraud the rights of this plaintiff-complainant and others interested in said estate.” At the trial this language was amended to read, “is withholding same and has been in possession of money of said estate.”
Although the question presented is one of determination of title, nevertheless the court in this proceeding has been asked to adjudicate rights under the contract between the decedent and the bank, of which contract the defendant Larkin is, even in the most adverse view, the third party beneficiary. Should the trial court decide to take testimony of the defendant Larkin (who should be termed the respondent in this case) one may well wonder what that individual can testify to in the light of Section 2317.03, Revised Code, which provides that a parly shall not testify when “the adverse party * * * is an executor or administrator or claims .or defends as heir * * * of a deceased person.” This section does authorize a party to testify to a limited extent in certain excepted situations, none of which exceptions would be applicable here. The answer to such a query would have to be, as already established by decisions of this court, that there is no “adverse party” in a proceeding brought under Section 2109.50.
Examination of the petition shows that Dorothy J. Fecteau is styled as plaintiff-complainant and The Cleveland Trust Company, June A. Larkin and Alice Blaser, administratrix of the estate of Peter E. Fecteau, are named as defendants, but the *131 allegation of withholding the money on deposit is made only as to defendant Larkin. Note, also, paragraph six of plaintiff-complainant’s so-called petition and complaint which alleges that “the defendant Alice Blaser as administratrix of said estate has full knowledge of the above savings and checking accounts and the facts pertaining thereto, but that said defendant, Alice Blaser, as said administratrix has nevertheless willfully failed and neglected to recover said bank accounts as assets of said estate.”
Certainly such an allegation is going far afield in establishing the issue of title to the bank account and is one over which the Court of Common Pleas would not have jurisdiction.
Formal pleadings by way of answers were not necessary by any of the so-called defendants under Section 2109.50, although answers to the interrogatories were appropriate and proper.
Section 2113.25, Revised Code, provides that so far as he is able the administrator of an estate shall collect assets within nine months after the date of his appointment, but also provides that the court may allow further time in which to collect assets. The last sentence of this section reads: “The court, upon application of any interested party, may authorize the examination under oath in open court of the executor or administrator upon any matter relating to the administration of the estate.”
Section 2115.02, Revised Code, provides for the filing of an inventory by an administrator, and Section 2115.16 provides for the filing of exceptions to the inventory, fixing a time limit therefor, and provides further, “but such time limit for the filing of exceptions shall not apply in case of fraud or concealment of assets. ”
Section 2109.58 provides, in part:
“Except as provided by Section 2115.16 of the Revised Code, exceptions to the inventory of a fiduciary may be filed at any time within six months after the return thereof by any person interested in the trust # * * but such time limit for the filing of excentmns shall not apply in case of fraud or concealment of assets * * *”
If the cuasi criminal procedure authorized nncb'r S >etion 2109.50 ei seg. is permitted to be invoked, the sections cited im *132 mediately above as well as others (see Section 2117.12 and Section 2109.31) could fall into complete disuse. Also, the question of res judicata would arise in the event defendant Larkin should seek to recover such money from the administrator under applicable probate statutes.
The case of Bender v. Cleveland Trust Co., 123 Ohio St., 588, 176 N. E. (2d), 452, is comparable to this case. There, The Cleveland Trust Company was executor of the last will and testament of David Bender, deceased. In 1923 or 1924, Mr. Bender had placed Mrs. Bender’s name on the bank account involved in that case with the words, “either may draw.” Shortly before his death in February 1928, Mrs. Bender made two withdrawals, first, of $2,000 and then of the entire remaining balance. This court, in a per curiam opinion, held:
“The significant and, in our opinion, the controlling and decisive fact appearing in this case is that no right of survivor-ship was expressed in the direction given to, and authority conferred upon, the bank; but, on the contrary, the limited purpose clearly indicated by David Bender for which such arrangement was made that ‘either may draw’ expressly excludes the view that Josephine Bender was given any right to said fund as a survivor.”
In the Bender case, the contract of deposit was construed and rights thereunder were decided in an adversary case. In the instant case, an attempt is being successfully made to secure like relief in a quasi-criminal procedure in which, on evidence which need only be preponderating as contrasted to that ordinarily required in cases criminal in nature (beyond a reasonable doubt or, at the least, clear and convincing), the person cited may be final!v and summarily deprived of the property together with a mandatory ten per cent penalty.
I cannot concur in such a conclusion and, therefore, although concurring in paragraph three, believing that this is not a “proper case,” I dissent from paragraph two of the syllabus and from the judgment.