KOZUP, EXR., PLAINTIFF-APPELLANT, v. DUNLAP, DEFENDANT-APPELLEE.

Ohio Appeals, Seventh District, Trumbull County.

No. 1489. Decided February 9, 1961.

*Messrs. Sieman, Sieman & Sieman, Mr. Paul A. Burns* and *Mr. Francis X. Diana*, for plaintiff-appellant.
*Messrs. Hoppe, Day & Ford*, for defendant-appellee.

BROWN, J. Plaintiff as executor of the estate of Julia Kozup brought this action in the Common Pleas Court of Trumbull County, Ohio, claiming that the defendant negligently and wrongfully caused the injury and death of plaintiff's decedent.

It is not disputed that the defendant was driving a car which collided with the rear of one in which plaintiff's decedent was a passenger, thus violating the assured clear distance provision of Section 4511.21, Revised Code.

Some evidence was introduced by plaintiff for the purpose of showing that this collision produced injuries to the person of plaintiff's decedent which resulted in her death. Other

evidence introduced by the plaintiff was intended to show pecuniary loss to decedent's next of kin.

Defendant's counsel on cross-examination of plaintiff's witnesses developed evidence that the decedent did not appear to be injured at the time of the accident; that she was not treated or examined for several days thereafter; that such findings as were made at the time of this examination may or may not have occurred at the time of the accident and could be attributed to the accident only if certain factual assumptions were first made.

Defendant's cross-examination of plaintiff's witness elicited testimony that decedent's causes of death were heart failure and pneumonia, which causes were related to long standing diabetes and arteriosclerosis.

Under the evidence, it became necessary to resolve questions of fact as to whether plaintiff's decedent was injured to any extent in the accident; whether her injuries, if found, caused her death; whether her death was a pecuniary loss to her next of kin. Had the jury found in favor of the plaintiff on these issues, there was evidence which would have sustained its finding. The general verdict for the defendant, however, indicates that the jury concluded that plaintiff had failed to present sufficient credible evidence to sustain plaintiff's burden on one or more of these vital issues. Since reasonable minds could differ on the evidence as presented, the verdict is not against the weight of the evidence. *State, ex rel. Squire,* v. *City of Cleveland,* 150 Ohio St., 303; *Cross* v. *Ledford,* 161 Ohio St., 469; *Keyt* v. *Mitchell,* 106 Ohio App., 149.

Counsel for the plaintiff also claims that the trial court erred in refusing to permit amendment of the petition at trial time to permit plaintiff to offer evidence of aggravation of pre-existing conditions of the health of plaintiff's decedent, which plaintiff claims accelerated decedent's time of death.

The trial court's refusal to permit such an amendment seems, on consideration of all of the circumstances, to have been a sound exercise of discretion. Certainly there was no abuse of discretion. *Roebling* v. *Cincinnati,* 102 Ohio St., 460; *Moherman* v. *Nickels,* 140 Ohio St., 450.

The court has examined all of the other assignments of error made by the plaintiff-appellant, and finds no errors prejudicial to the plaintiff in any of the claimed respects.

We find that the state of the evidence justified the jury's finding, and that substantial justice was done between the parties.

Judgment affirmed.

GRIFFITH, P. J., and DONAHUE, J., concur.